Citation Nr: 1607919 
Decision Date: 02/29/16 Archive Date: 03/04/16

DOCKET NO. 06-02 540 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in St. Petersburg, Florida


THE ISSUE

Entitlement to a total disability rating based upon individual unemployability (TDIU) due to service-connected disabilities. 


REPRESENTATION

Appellant represented by: The American Legion


WITNESSES AT HEARING ON APPEAL

The Veteran and his sons


ATTORNEY FOR THE BOARD

G. Fraser, Associate Counsel


INTRODUCTION

The Veteran served on active duty from February 1964 to February 1967. This case comes before the Board of Veterans' Appeals (Board) on appeal from a November 2004 rating decision by the Department of Veterans Affairs (VA), Regional Office (RO) in St. Petersburg, Florida.

In February 2008, the Veteran and his sons testified at a Travel Board hearing before the undersigned Veterans Law Judge. A transcript of that hearing is of record. 

This appeal was most recently before the Board in January 2012, when it was remanded for additional development. It has now been returned to the Board for further appellate action.

The record before the Board consists of electronic records within Virtual VA and the Veterans Benefits Management System (VBMS).


REMAND

The Board is of the opinion that additional development is required before the claim on appeal is decided. 

In this case, the Veteran last underwent a VA examination to assess his service-connected back disability in January 2014, more than 2 years ago. Following that examination, the RO assigned additional 10 percent disability evaluations for left and right lower extremity radiculopathy emanating from the Veteran's low back disability. Since that time, evidence has been added to the record, which suggests his back disability may be worse than characterized during his January 2014 VA examination. Specifically, a statement from the Veteran's representative, which was received in January 2016, indicates a progression in symptomatology. The Board therefore concludes a new VA examination is needed to provide a current picture of the Veteran's service-connected low back disability with radiculopathy.

The Board also notes that during the Veteran's January 2014 VA examination, the examiner determined the Veteran would be precluded from physical employment; however, he would not be precluded from sedentary work, if he was permitted intermittent breaks. The examiner seems to have based this opinion solely upon the physical limitations resulting from the Veteran's lumbar spine disability. However, in a VA Form 21-4138 received in November 2002, the Veteran stated the medications he used for his back disability caused him to stop working. The examiner did not discuss the impact the Veteran's medications had upon his ability to obtain and retain substantially gainful employment. 

Further, in the January 2016 statement noted above, the Veteran's representative asserted an aggravation of the Veteran's non-service connected PTSD as a result of his low back disability. The Veteran's representative also indicated the Veteran experiences occupational impairments resulting from his PTSD. The RO has not adjudicated this matter, and as such, the Board does not have jurisdiction over this claim; however, there is an indication the Veteran's PTSD may have been aggravated by his back disability and also impairs his ability to work. Therefore, this issue is intrinsically intertwined with the issue of entitlement to a TDIU. Consequently, the RO or the Appeals Management Center (AMC) must develop and adjudicate this matter before the Board decides the TDIU issue on appeal.

On remand, relevant ongoing medical records should also be obtained. 38 U.S.C.A. § 5103A(c) (West 2014); see also Bell v. Derwinski, 2 Vet. App. 611 (1992) (VA medical records are in constructive possession of the agency, and must be obtained if the material could be determinative of the claim).

Accordingly, the case is REMANDED to the RO or the AMC, in Washington, D.C., for the following actions:

1. The RO or the AMC should provide all required notice for the claim of entitlement to service connection for PTSD, as secondary to his service-connected back disability with radiculopathy, undertake any indicated development, and then adjudicate the claim for service connection for PTSD. The RO or the AMC should inform the Veteran of his appellate rights with respect to the decision. 

2. The RO or the AMC should undertake appropriate development to obtain any outstanding records pertinent to the Veteran's TDIU claim. If any requested records are not available, the record should be annotated to reflect such and the Veteran notified in accordance with 38 C.F.R. § 3.159(e).

3. Then, the Veteran should be afforded an examination by a VA an examiner with sufficient expertise to determine the current degree of severity of his service-connected low back disability with bilateral lower extremity radiculopathy. All pertinent evidence of record should be made available to and reviewed by the examiner. Any indicated studies should be performed. 

The examiner should also provide an assessment of the functional impact of the service-connected disabilities on his ability to work, to include an opinion as to whether there is a 50 percent or better probability that the Veteran's service-connected disabilities are sufficient by themselves to preclude him from obtaining or maintaining any form of substantially gainful employment consistent with his education and occupational background. 

The rationale for the opinion must also be provided. The examiner should specifically consider both the physical impairments caused by the Veteran's disabilities, as well as any impairment caused by the medications taken for those disabilities. 

4. The RO or the AMC should undertake any other development it determines to be warranted.

5. Then, the RO or the AMC should readjudicate the issue on appeal. If the benefit sought on appeal is not granted to the Veteran's satisfaction, the RO or the AMC should furnish to the Veteran and his representative a supplemental statement of the case and afford them the requisite opportunity to respond. Thereafter, if indicated, the case should be returned to the Board for further appellate action.

By this remand, the Board intimates no opinion as to any final outcome warranted.

The Veteran need take no action until he is otherwise notified, but he may furnish additional evidence and/or argument during the appropriate time frame. See Kutscherousky v. West, 12 Vet. App. 369 (1999).

This REMAND must be afforded expeditious treatment. The law requires that all claims that are remanded by the Board for additional development or other appropriate action must be handled in an expeditious manner. See 38 U.S.C.A. § 5109B (West 2014).


_________________________________________________
Shane A. Durkin
Veterans Law Judge, Board of Veterans' Appeals

Under 38 U.S.C.A. § 7252 (West 2014), only a decision of the Board of Veterans' Appeals is appealable to the United States Court of Appeals for Veterans Claims. This remand is in the nature of a preliminary order and does not constitute a decision of the Board on the merits of your appeal. 38 C.F.R. § 20.1100(b) (2015).